**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH PAULINE HERGERT, AKA Debora Pauline Taylor, | No. 12-72811 |
| Petitioner, | Agency No. A014-577-999 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2016[**]
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Deborah Hergert challenges her removal order. She was convicted of

several drug crimes, which the BIA found rendered her removable under 8 U.S.C.

§ 1227. We dismiss her petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hergert has been a lawful permanent resident since she was first admitted to the United States in 1965. In 2006, she was convicted of transporting heroin with intent to sell, possessing methamphetamine with intent to sell, and a couple of secondary offenses. In subsequent removal proceedings, the IJ found that Hergert's convictions met the criteria of § 1227(a)(2)(A)(iii) and (B)(i). These sections make an alien deportable if she is "convicted of" an aggravated felony or drug offense "at any time after admission." Hergert appealed to the BIA contesting only whether the date of her convictions occurred "any time after admission" as defined by § 1227(a)(2)(A)(iii) and (B)(i). Specifically she contended that because she left the United States for a brief trip to Europe and then returned in 2008, it is this later admission that begins the period during which the crime must have been committed. The BIA rejected this theory, finding Hergert's readmission after her convictions irrelevant and concluding that the 1965 admission was the one that pertained.

Before us, Hergert again presses her claim that only the last admission counts for § 1227(a)(2)(A)(iii) and (B)(i). She is incorrect. A crime committed

while an alien is in the country pursuant to an admission is a crime committed after admission.  The meaning of the relevant provisions of the statute is clear.[1]

**PETITION DISMISSED**

---

[1]Although the BIA here relied in part on its reading of § 1227(a)(2)(A)(i) in *Matter of Alyazji*, 25 I&N Dec. 397 (BIA 2011), we express no opinion on the proper interpretation of (A)(i) when an alien has multiple admissions.